**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

CEDRIC DUPREE,                    )
                                 )
                    Plaintiff,   )
                                 )
vs.                              )        CIVIL NO. 08-cv-618-GPM
                                 )
MAJOR MAUE, *et al.*,            )
                                 )
                    Defendants.  )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate at the Pontiac Correctional Center, brings this action for deprivations of

his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff seeks declaratory, injunctive, and

monetary relief for alleged violations of numerous constitutional rights.  This case is now before the

Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief
> > may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such
> > relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and the supporting exhibits, the Court finds that no claim in the original complaint may dismissed at this point in the litigation.

## THE COMPLAINT

Although Plaintiff has divided his complaint into 7 counts, the Court finds it convenient to reorganize Plaintiff's allegations and to divide this action into 13 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1**. Plaintiff alleges that his complaint "details a campaign [of constitutional violations and harassment] that the defendants embarked on for the sole purpose of having [him] drop [his] litigation against prison staff." Liberally construing the complaint and attached exhibits, it appears that Plaintiff brought a successful § 1983 action against prison staff at the Pontiac Correctional Center (PCC). Plaintiff claims that each of the acts described in Counts 2 through 13 (below) was undertaken in retaliation for Plaintiff's suit against PCC staff members.

Counts 2 through 11 concern Plaintiff's confinement in the Administrative Segregation Unit at Menard Correctional Center (MCC) from September 13, 2006, to October 5, 2006.

**Count 2**. Plaintiff alleges that on September 19, 2006, Defendant Maue threatened and cursed at him. Plaintiff contends that Defendant Maue also ordered his staff to "take [his] mattress and pillow and to throw away [Plaintiff's] property away." Plaintiff claims that he suffered "mental and emotional anguish" as a result of Defendant Maue's actions. Liberally construing these allegations, it appears that Plaintiff claims that Defendant Maue violated his rights under the Eighth Amendment and Due Process.

**Count 3**. Plaintiff alleges that on September 19, 2006, Defendant Fritz - acting pursuant to Defendant Maue's instructions - "took [his] mattress and pillow and threw away all [his] property." Furthermore, Plaintiff asserts that Defendant Fritz cursed at him, slapped him in the face, and stomped on his toes "maliciously to intentionally cause [Plaintiff] harm." Liberally construing the complaint, it appears Plaintiff claims Defendant Fritz violated his rights under the Eighth Amendment and the Due Process Clause.

**Count 4**. Plaintiff alleges that on September 19, 2006, he had a panic attack and started cutting his wrists. Plaintiff claims that an "unknown psychologist" refused to place Plaintiff on suicide watch and that a Defendant identified only as "Nurse Jack" told Plaintiff to cut himself deeper and showed Plaintiff "how to properly slice [his] wrist." Plaintiff alleges that these actions violated his Eighth Amendment rights.

**Count 5.** Plaintiff alleges that on a date between September 13, 2006, and October 5, 2006, Defendants Beig and Harper placed him on suicide watch, took his clothing away, placed him in a room that was "about 42°," and injected him with "psychotropic medication" against his will and in contravention of his religious beliefs. Plaintiff further alleges that Defendants Beig and Harper allowed Plaintiff to cut himself and allowed Plaintiff to eat his feces for "many days" by refusing to place Plaintiff in restraints. Liberally construing the complaint, it appears that Plaintiff asserts violations of his statutory rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc-1, *et seq.*, his constitutional right to freely exercise his religion, his Due Process right not to be forcibly injected with psychotropic medication, and his Eighth Amendment right to adequate medical treatment.

**Count 6.** Plaintiff asserts that his Administrative Segregation cell had "encrusted feces,"

"blood on the walls," and a strong smell of urine. Plaintiff further contends that he was not provided any cleaning supplies and that he was denied toothbrush for 9 days. Liberally construing the complaint, Plaintiff alleges that these conditions violated his Eighth Amendment rights.

**Count 7**. Plaintiff alleges that the "Prison of Menard stole [his] beard trimmers." Liberally construing this allegation, it appears that Plaintiff is attempting to assert a Due Process claim based on the loss of his personal property.

**Count 8**. Plaintiff alleges that Defendant Vasquez refused to feed him on two occasions (September 11, 2006, and October 5, 2006). It appears that Plaintiff is attempting to assert an Eighth Amendment claim against Defendant Vasquez.

**Count 9**. Plaintiff alleges that Defendant Vasquez and another "unknown corrections officer" refused to give him toilet paper on two occasions (September 16, 2006, and September 19, 2006) leaving Plaintiff only his hands with which to wipe himself. It appears Plaintiff is attempting to assert an Eighth Amendment claim against Defendant Vasquez and the "unknown corrections officer."

**Count 10**. Plaintiff asserts that he was not allowed to go to the law library while confined in the Administrative Segregation Unit. Liberally construing the complaint it appears that Plaintiff is also attempting to assert an access to the courts claim.

**Count 11.** Plaintiff alleges that the "Prison of Menard" would not allow group religious worship. Liberally construing the complaint, it appears Plaintiff claims that the failure to provide him with access to group religious services violates his federal statutory rights under RLUIPA and his right to freely practice his religion under the First Amendment.

**Count 12**. It appears that this claim arises out of Plaintiff's confinement at Southwestern

Illinois Correctional Center (SWICC); the dates of that confinement are not clear. Plaintiff alleges that Defendant Sanford told Defendant Kappler to hinder Plaintiff's religious rights. Plaintiff further alleges that Defendant Kappler issued him a disciplinary ticket for "praying , singing, and telling people about Jesus"; that Defendant Biggerstaff gave him a disciplinary ticket "for having a Bible"; and that Defendants Barber and Grote-Johnson told him not to mention the name of God or Jesus anymore. Plaintiff asserts that Defendant Walker "would not stop [the] actions" taken by Defendants Sanford, Kappler, Biggerstaff, Barber, or Grote-Johnson. Liberally construing the complaint, Plaintiff alleges that these actions violated his federal statutory rights under RLUIPA and his constitutional rights to freely exercise his religion.

**Count 13.** Plaintiff alleges that on October 3 and 4, 2006, Defendant Thomas "maliciously and sadistically . . . twisted and pulled down on [his] handcuffs causing . . . cuts, extreme pain and . . . bruises" on his wrists. Plaintiff claims that Defendant Thomas's actions violated Plaintiff's Eighth Amendment Rights.

## DISCUSSION

**Count 1 (retaliation).** Prisoners have a First Amendment right to free speech, *see Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125 (1977); *Martin v. Brewer,* 830 F.2d 76, 77 (7th Cir. 1987), and restrictions on that right will be upheld only if they are "reasonably related to legitimate penological interests," *see Thornburgh v. Abbott,* 490 U.S. 401, 413 (1989) (*citing Turner v. Safley,* 482 U.S. 78, 89 (1987)); *Bridges v. Gilbert*, _ F.3d _, 2009 WL 529573 at *18 (7th Cir. March 4, 2009); *Massey v. Wheeler,* 221 F.3d 1030, 1035 (7th Cir. 2000). Further, prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble,* 226

F.3d 568, 573 (7th Cir. 2000); *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000) ("a prison official may not retaliate against a prisoner because that prisoner filed a grievance"); *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory transfer); *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (retaliation for filing lawsuit); *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987) (per curiam) (same).

"A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman,* 226 F.3d at 573 (citation omitted). In this case, Plaintiff alleges that he successfully brought a § 1983 action against staff at PCC. Plaintiff further alleges that Defendants - prison staff members at MCC and SWICC - took retaliatory action against him as more fully described in Counts 2 through 13 because of that successful lawsuit. Such a chronology arguably presents a colorable claim of retaliation; therefore, the Court is unable to dismiss this retaliation claim at this point in the litigation. 28 U.S.C. § 1915A; *see Zimmerman,* 226 F.3d at 574 (reversing district court's § 1915A dismissal because inmate's allegations established that "the exercise of his [First Amendment] right was closely followed by the retaliatory act").

The Court notes, however, that the retaliatory acts alleged in Counts 2 through 13 of the complaint completely fail to describe any actions taken by Defendants Niepert, Hulick, Holden, Hoyer, and Snickerson. These Defendants appear only in the caption of the complaint, and there are no factual allegations asserted against them. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene). Because there are no

allegations made with respect to these Defendants, Plaintiff's claims against them will be dismissed.

**Count 2 (Eighth Amendment and Due Process).** Plaintiff alleges that Defendant Maue verbally harassed him and directed his subordinates to take Plaintiff's personal property and throw it away. Isolated, infrequent incidents of verbal abuse do not give rise to an Eighth Amendment claim. *See, e.g .,DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).; *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).

Furthermore, to state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, Plaintiff's allegations in Count 2 fail to state a claim under the Eighth Amendment and a Due Process Clause. Therefore, Count 2 of the complaint will be dismissed.

**Count 3 (Due Process and Eighth Amendment)**. Plaintiff alleges that Defendant Fritz took his property and threw it away. As with Count 2, the state provides Plaintiff with an adequate post-deprivation remedy. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Therefore, Plaintiff's allegations in Count 3 fail to state a Due Process claim.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth

Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001). At this time, the Court believes that Plaintiff's allegations concerning the use of force in Count 3 are barely sufficient to survive threshold review.

**Count 4 (Eighth Amendment - medical).** The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a medical claim under the Eighth Amendment, Plaintiff must allege a "sufficiently serious" medical condition and that Defendants acted with a "sufficiently culpable state of mind" amounting to criminal recklessness. *Farmer v. Brennan*, 511 U.S. 825, 834 -38 (1994). In this case, Plaintiff alleges that Defendant "unknown psychologist" and "Nurse Jack" not only failed to provide him adequate care for his panic attack and wrist cutting, but instructed Plaintiff on how to further injure himself. Consequently, the Court finds that Count 4 survives threshold review.

**Count 5 (Due Process, Eighth Amendment medical, Eighth Amendment conditions of**

**confinement, and religion claims).** Like Count 4, Plaintiff states a medical claim under the Eighth Amendment, if he alleges a "sufficiently serious" medical condition and that Defendants acted with a "sufficiently culpable state of mind" amounting to criminal recklessness. *Farmer v. Brennan*, 511 U.S. 825, 834 -38 (1994). Plaintiff again alleges that he was cutting himself and allowed to eat his own feces. Consequently, the Court finds that Plaintiff's Eighth Amendment medical claim in Count 5 survives threshold review.

To state an Eighth Amendment conditions of confinement claim, Plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *See also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, Plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. As with a medical claim, the subjective component of a conditions of confinement claim is satisfied if Plaintiff alleges that a defendant acted or failed to act despite the defendant's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842. Here Plaintiff alleges that he was stripped naked in a cell that was about "42°" and that cold weather was coming in the cell. Again, the Court finds these allegations barely sufficient to survive threshold review.

In *Washington v. Harper*, 494 U.S. 210 (1990), the Supreme Court held that a prisoner has "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Id.* at 221-22. However, the "Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id.* at 227. *See also Fuller v. Dillon*, 236 F.3d 876, 881-82 (7th Cir. 2001); *Sullivan v. Flannigan*, 8 F.3d 591 (7th Cir. 1993).

> *Harper* emphasized several aspects of an inmate's right to refuse drug treatment. First, to administer involuntary treatment the state must find that medication is in the prisoner's medical interest (independent of institutional concerns). 494 U.S. at 227, 110 S.Ct. at 1039. Second, the tribunal or panel that reviews a treating physician's decision to prescribe forced medication must exercise impartial and independent judgment, taking account of the inmate's best interest. *Id.* at 222, 233, 110 S.Ct. at 1036, 1042; *compare id.* at 250-53, 110 S.Ct. at 1051-53 (Stevens, J., dissenting). Third, the prisoner must be able to argue capably before a review tribunal that he does not need forced medication. *Id.* at 233, 110 S.Ct. at 1042. If the state failed to meet these requirements in a particular case, the prisoner could argue that he was denied Harper's protections.

*Sullivan*, 8 F.3d at 598. Based on Plaintiff's allegation that he was forcibly medicated against his will and in violation of his religious beliefs, the Court finds that Plaintiff's claim that he was denied Due Process and that his religious rights were violated survive this threshold review.

**Count 6 (Eighth Amendment)**. Although the Court finds Plaintiff's allegation that he was confined in a filthy cell to be disturbing, Plaintiff has not alleged that any specific Defendant knew about the conditions and was deliberately indifferent to them. In short, it's not entirely clear whom Plaintiff is attempting to hold liable for the conditions that existed in his cell. Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific

claims so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Federal Rule of Civil Procedure 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Because Plaintiff has not associated specific defendants with the acts alleged in Count 6, Count 6 will be dismissed.

**Count 7 (Due Process - personal property)**. Like Count 6, Plaintiff has failed to associate any specific Defendant with the loss of his beard trimmer. Therefore, Count 7 fails to put the named Defendants on notice of the claims being brought against them. Furthermore, as in Counts 2 and 3, the loss of personal property rises to the level of a Due Process violation only if the state does not provide an adequate post-deprivation remedy. As noted above, the Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d at 513. Accordingly, Count 7 of the complaint will be dismissed.

**Count 8 (Eighth amendment - meals)**. Plaintiff alleges that Defendant Vasquez refused to feed him on September 11, 2006, and on October 5, 2006. In some circumstances, a prisoner's claim that he was denied food may satisfy "sufficiently serious" under the first prong of an Eighth Amendment but, as the Seventh Circuit has held, the denial of food is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner of an

"identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong); *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation); *Cooper v. Sheriff of Lubbock County*, 929 F.2d 1078 (5th Cir. 1991) (failure to feed a prisoner for twelve days unconstitutional); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), *app. after remand*, 667 F.2d 565 (1982) (feeding inmates only once a day for 15 days, would constitute cruel and unusual punishment only if it "deprive[s] the prisoners concerned . . . of sufficient food to maintain normal health."); *Robbins v. South*, 595 F.Supp. 785, 789 (D.Mont. 1984) (requiring inmate to eat his meals in less than 15 minutes does not amount to cruel and unusual punishment).

Plaintiff here missed meals on two separate days over a period of approximately one month. Furthermore, Plaintiff does not allege harm to his health. Accordingly, the Court finds Plaintiff has failed to allege a "sufficiently serious" deprivation and, therefore, Count 8 will be dismissed.

**Count 9 (Eighth Amendment - toilet paper).** As with Count 8, the Court finds that Plaintiff's allegation that he was denied toilet paper on two separate days is not "sufficiently serious" enough to rise to the level of a constitutional violation. Therefore, Count 9 will be dismissed.

**Count 10 (law library - access to the courts).** Plaintiff's allegation that he was denied access to the law library - standing by itself - does not rise to the level of a constitutional violation. "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of

confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id; see also, Lewis v. Casey*, 518 U.S. 343, 352-53 (1996) (an inmate has no constitutional claim for access to the courts unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded). Because Plaintiff has not alleged that he suffered actual prejudice to a non-frivolous claim, Count 10 of the complaint must be dismissed.

**Count 11 (religion claims).** As with Counts 6 and 7, Plaintiff has failed to associate any specific Defendant with the violation of his religious rights as alleged in Count 11. Therefore, Count 11 fails to give Defendants adequate notice of the claims being asserted against them. *See Hoskins*, 320 F.3d at 764; *Brokaw*, 235 F.3d at 1024. Accordingly, Count 11 will be dismissed.

**Count 12 (religion claims).** Plaintiff's claim that Defendants Sanford, Kappler, Biggerstaff, Barber, Grote-Johnson, and Walker have unlawfully impinged his religious rights under RLUIPA and the First Amendment survive review under § 1915A.

**Count 13 (Eighth Amendment).** Plaintiff's claim that Defendant Thomas used excessive force on him in violation of Plaintiff's Eighth Amendment rights likewise survives review under §1915A.

## DISPOSITION

**IT IS HEREBY ORDERED** that Counts 2, 7, 8, 9, and 10 of the Complaint are **DISMISSED, with prejudice,** pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Due Process claim in Count 3 of the

Complaint is also **DISMISSED, with prejudice,** pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that these dismissals will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Counts 6 and 11 are **DISMISSED, without prejudice**, for failing to state a claim upon which relief may be granted because Plaintiff failed to associate any specific Defendants with the allegations in these counts.

**IT IS FURTHER ORDERED** that because there are no allegations made in the complaint against them, Defendants Niepert, Hulick, Holden, Hoyer, and Snickerson are **DISMISSED** as Defendants in this action.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **Maue, Harper, Bieg, "Nurse Jack," Vasquez, Thomas, Fritz, Walker, Grote-Johnson, Sanford, Biggerstaff, Barber, and Kappler** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **12** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **<u>Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.</u>**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **Maue, Harper, Bieg, "Nurse Jack," Vasquez, Thomas, Fritz, Walker, Grote-Johnson, Sanford, Biggerstaff, Barber, and Kappler**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for

service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **Maue, Harper, Bieg, "Nurse Jack," Vasquez, Thomas, Fritz, Walker, Grote-Johnson, Sanford, Biggerstaff, Barber, and Kappler** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the "Unknown Party" Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the Illinois Department of Corrections pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the

request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon each defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties*

*consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:** 3/10/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge