# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CEDRIC DUPREE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.  08-cv-618-GPM-PMF |
| | ) | |
| **MAJOR MAUE, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a motion for summary judgment on defendant Fritz's affirmative defense of failure to exhaust administrative remedies (Part of Doc. No. 36).  Plaintiff is proceeding on multiple § 1983 claims against multiple defendants.  The focus of this motion is part of Count 3.  In that Count, plaintiff claims that Joshua Fritz used too much force on September 19, 2006.  Specifically, he alleges that Fritz slapped him in the face and stomped on his toes in a manner reflecting intent to cause harm.  In responding to this claim, Fritz has raised the affirmative defense of failure to exhaust administrative remedies.  A hearing was held on September 28, 2009.

A prisoner must exhaust all available administrative remedies before he can bring a civil-rights action in federal court challenging any aspect of prison life. See 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).  When there are factual issues relating to the exhaustion defense, the Court must resolve the issue before the merits may be considered.  *Pavey v. Conley*, 544 F.23d 739, 741 (7th Cir. 2008).  If the prisoner did not exhaust his administrative remedies, the Court determines whether:

> (a) the plaintiff has unexhausted remedies, and so he must go back and exhaust;
>
> (b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or
>
> (c) the failure to exhaust was the prisoner's fault, in which event the case is over.

*Id.* at 742.

The grievance process for Illinois prisoners may be summarized as follows. A prisoner first submits a grievance to a counselor. If the prisoner is not satisfied with the counselor's resolution of the problem, he may then submit a formal grievance to the prison's grievance officer. The grievance officer then reviews the grievance and forwards a recommendation to the warden. The warden makes the final decision at the institutional level. If the prisoner is not satisfied with the warden's decision, he may file an appeal to the Director. Appeals to the Director are to be addressed to the Administrative Review Board (ARB). The Director, acting through the ARB, makes the final decision. With certain exceptions, a prisoner housed in a facility other than the one where the incident giving rise to the complaint occurred files his appeal directly with the ARB. Grievances must usually be filed within sixty days of the incident; however, the ARB reviews untimely grievances that include an explanation of good cause for the untimeliness. Ill. Admin. Code tit. 20, part 504.

In support of the defense, Fritz relies on the affidavit of Terri Anderson, who says the ARB received a grievance from plaintiff on September 26, 2006, which did not challenge the conduct of Fritz; rather it raised a concern regarding the conduct of Major Maue. In response, plaintiff has shown that he prepared a different grievance and specifically complained about and identified Fritz in that grievance. He sent the Fritz grievance to Ms. Summers, his correctional counselor at the

time, on or around September 20, 2006. Ms. Summers failed to respond. Shortly after plaintiff sent the grievance to Ms. Summers, he was transferred to a different prison facility. In October, 2006, plaintiff prepared a new grievance and sent it directly to the ARB, complaining about the lack of a response by Ms. Summers. Plaintiff received a response from the ARB on January 23, 2007; this response did not mention or resolve the concerns regarding the conduct of defendant Fritz. On March 19, 2007, plaintiff prepared another grievance complaining about the lack of response to his grievances, specifically mentioning his grievance against Fritz. Plaintiff received a decision from the ARB on May 30, 2007, which denied the grievance without providing instructions to resume the grievance process. Plaintiff believes his grievance was handled properly at his end and was lost or overlooked by his counselor and/or the ARB.

In support of his claim that he did his part to exhaust the administrative remedy process, plaintiff relies on *Dole v. Chandler*: "[A] remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In rebuttal, defendant Fritz points out that plaintiff is familiar with the administrative remedy process. He proposes that plaintiff fabricated his "ignored grievance" theory in an effort to defeat the affirmative defense. No information has been submitted by Ms. Summers, and the parties stipulate that she would have no independent recollection of these events. There is also no indication that the ARB would accept and consider the Fritz grievance at this time; rather, the parties believe a resubmitted grievance would be rejected as untimely.

The Court has carefully considered the defense theory of fabrication and is not persuaded that the evidence supports that inference. There is some corroboration to plaintiff's version of the

events. Furthermore, because plaintiff has no obligation to anticipate and plead around an affirmative defense, the fact that plaintiff submitted new information after the affirmative defense was asserted does not generate suspicion. The persuasive information shows that plaintiff took the steps he was required to take in order to start the grievance resolution process. For unknown reasons, Ms. Summers did not act upon plaintiff's grievance regarding defendant Fritz. The lack of a response from Ms. Summers prevented plaintiff from taking his grievance through the remaining steps of the procedure. Plaintiff made reasonable efforts to get the grievance process moving again, without success. In short, the credible evidence supports a finding that the grievance process was not available due to mishandling by Ms. Summers. In these circumstances, the fault does not lie with the plaintiff, and there is no process available for him to go back and exhaust.

IT IS RECOMMENDED that defendant Fritz's motion for summary judgment on the issue of his affirmative defense of failure to exhaust administrative remedies (part of Doc. No. 36) be DENIED.

SUBMITTED:  November 5, 2009 .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**