IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CEDRIC DUPREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 08-618-GPM |
| | ) | |
| MAJOR MAUE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff's motion to reinstate (Doc. 85).  On March 10,

2009, this Court issued its Memorandum and Order (Doc. 8) reviewing Plaintiff's handwritten *pro*

*se* civil rights complaint pursuant to 28 U.S.C. § 1915A.  In discussing Count 1 (retaliation) of the

complaint,[1] the Memorandum and Order stated that  "the complaint completely fail[ed] to describe

any actions taken by Defendants Niepert, Hulick, Holden, Heyer, and Snickerson."  Accordingly,

Plaintiff's claims against these Defendants were dismissed.

In the instant motion, appointed counsel correctly points out that paragraph 5 of the original

complaint states:  "On 5-6-08 I was going to trial in lawsuit & Lt. Holden, C/O David Hoyer, C/O

Snickerson & 1 unknown C/O"[2] came to his cell and told him to drop his suit.  Paragraph 5 also

---

[1]Count 1 (retaliation) was denominated by the Court's Memorandum and Order (Doc. 8), which reorganized the allegations of Plaintiff's *pro se* complaint.

[2]According to Plaintiff's counsel, the complaint states "David Hoyer," but to the Court it appears to be "David Holer."  As handwritten *pro se* complaints can be difficult to read, the Court will adopt Plaintiff's version.

states that "[t]hese 3-security staff members" assaulted him and denied him medical treatment for the injuries he sustained as a result of the attack. Accordingly, Plaintiff's motion to reinstate (Doc. 85) is **GRANTED** in so far as it seeks the reinstatement of Plaintiff's claims against Defendants Holden, Hoyer, and Snickerson.

Consequently, Plaintiff's retaliation claims (i.e., Count 1) against Defendants Holden, Hoyer, and Snickerson are hereby **REINSTATED**. The Court further finds that Plaintiff's allegations concerning Holden, Hoyer, and Snickerson also support a claim for excessive use of force and denial of adequate medical care in violation of Plaintiff's Eighth Amendment rights. Accordingly, **IT IS ORDERED** that Plaintiff's excessive force against Defendants Holden, Hoyer, and Snickerson are identified as Count 14 of the original complaint. **IT IS FURTHER ORDERED** that Plaintiff's medical claims against Defendants Holden, Hoyer, and Snickerson are identified as Count 15 of the original complaint. The Court finds that these claims survive review under 28 U.S.C. § 1915A and will not be dismissed at this time.

The Court suggests that appointed counsel, whose services are appreciated, consider filing an amended complaint that is more in keeping with standards that prevail in the larger legal community – in other words, better papers than what one expects from pro se prisoners.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Holden, Hoyer, and Snickerson:  (1) a Notice of Lawsuit and Request for Waiver of Service of Summons and (2) a Waiver of Service of Summons. The Clerk is directed to mail said forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's work address or employer address as provided by Plaintiff. If a Defendant fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on that

Defendant and will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on any Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to any Defendant who no longer can be found at the address provided by Plaintiff, the Correctional Center shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address.  This information shall be used only for sending the forms as directed above, or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the Court file nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of any document was served on Defendants or their counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois

72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED. R. CIV. P. 41(b).

   **IT IS SO ORDERED**.

   DATED:  03/25/10

   s/ *G. Patrick Murphy*
   G. PATRICK MURPHY
   United States District Judge