**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CEDRIC DUPREE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 08-618-GPM |
| | ) |
| MAJOR TOM MAUE, *et al.*, | ) |
| | ) |
|       Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On September 2, 2008, Plaintiff, an inmate confined at the Pontiac Correctional Center, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. He sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which this Court granted on March 11, 2009. Currently before the Court is Defendants' motion to revoke Plaintiff's *pauper* status. Defendants contend that prior to commencing this civil action, Plaintiff had acquired three qualifying "strikes" for purposes of 28 U.S.C. § 1915(g). If Defendants are correct, then Plaintiff is ineligible to proceed *in forma pauperis* unless he was "under imminent danger of serious physical injury" at the time he filed this action. *See* 28 U.S.C. § 1915(g). Defendants argue that the complaint fails to allege that Plaintiff was under "under imminent danger" and, consequently, contend that the Court erred in granting Plaintiff's motion to proceed *in forma pauperis*.

Defendants maintain that the following cases count as strikes for purposes of § 1915(g): (1) a Memorandum and Order dated January 5, 2006, issued by District Judge Harold A. Baker in *Dupree v. French*, Case No. 05-1201 (C.D. Ill.); (2) an Order dated April 4, 2006, issued by Judge

Baker in *Dupree v. Pierce*, Case No. 05-1028 (C.D. Ill.); and (3) an Order dated May 2, 2006, issued by Judge Baker in *Dupree v. Alton*, Case No. 06-1097 (C.D. Ill.). Defendants contend that a dismissal becomes a strike for purposes of 28 U.S.C. § 1915(g) when the dismissing court issues its order of dismissal, regardless of any real or potential appeal of the order or any post-order corrective action the issuing court could take. Defendants concede, however, that if the order of dismissal is vacated on appeal, then it no longer can be counted as a strike for purposes of § 1915(g). Defendants further argue that the dismissals in *French* and *Pierce* count as separate strikes because the underlying dismissals were entered prior to Judge Baker's consolidation of the two cases. Implicit in this argument is Defendants' contention that a strike is assessed when any claim is dismissed as frivolous, malicious, or for failing to state a claim.

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As recently clarified by the Seventh Circuit Court of Appeals: "a strike is incurred under § 1915(g) when an inmate's case is dismissed *in its entirety* based on the grounds listed in § 1915(g)." *Turley v. Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010) (emphasis in original). Therefore, the Court must examine the dismissal orders that Defendants suggest should count as strikes.

*Dupree v. French*, No. 05-1201 (C.D. Ill.): On January 5, 2006, Judge Baker issued an order, after screening Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A, allowing nine of ten claims asserted therein to proceed past threshold review. Judge Baker dismissed Plaintiff's equal protection claim for failure to state a claim because the complaint failed to allege facts

indicating that Plaintiff had been intentionally discriminated against due to membership in a suspect class. Judge Baker also dismissed a few defendants because Plaintiff failed to state a claim against those defendants and clarified that Plaintiff's first amended complaint failed to state any official capacity claims. On April 4, 2006, Judge Baker consolidated *French* with *Pierce*, and the parties were instructed to file all further filings in *Pierce*.

      *Dupree v. Pierce*, No. 05-1028 (C.D. Ill.): On April 4, 2006, Judge Baker issued an order, after screening Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A, allowing some claims to proceed against some of the defendants but dismissing other claims against other defendants. Specifically, after identifying five federal claims in Plaintiff's complaint, Judge Baker ordered that "[a]ll claims based on federal law, other than those set forth in paragraph (3) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A." Judge Baker dismissed certain claims as premature because Plaintiff had not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a); he dismissed claims against certain defendants in their "official capacity" as barred by *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989); he dismissed "unknown officers" who allegedly beat Plaintiff and denied him adequate medical care because Plaintiff failed to identify the defendants; he dismissed Warden Melvin because he had no medical expertise and could rely on health care professionals to assess the medical needs of Plaintiff pursuant to *McEachern v. Civiletti*, 502 F. Supp. 532, 534 (N.D. Ill. 1980); and he dismissed Defendants Gardner and Odum because Plaintiff did not identify how he was injured by their actions. As noted above, Judge Baker consolidated *Pierce* with *French*, and the parties were instructed to file all further filings in *Pierce*.

      At the time the instant case was filed, proceedings in the consolidated case of *French* and *Pierce* were still pending before Judge Baker in the Central District. Indeed, at least some of

Plaintiff's claims in the consolidated case proceeded to trial and judgment was entered against Plaintiff. Neither *French* nor *Pierce* can be counted as a strike under the dictates of *Turley* because neither was dismissed in its entirety based upon the grounds listed in § 1915(g).

*Dupree v. Alton*, No. 06-1097 (C.D. Ill.): On May 2, 2006, Judge Baker issued an order, after screening Plaintiff's complaint, dismissing all six counts asserted in Plaintiff's complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. Plaintiff's motion for leave to proceed on appeal *in forma pauperis* was denied because Judge Baker certified that the appeal was not taken in good faith as required by 28 U.S.C § 1915(a)(3). The Seventh Circuit Court of Appeals also denied Plaintiff's motion to proceed on appeal *in forma pauperis* and, on October 26, 2007, dismissed the appeal for Plaintiff's failure to pay the appellate filing fees as directed. *See Dupree v. Alton,* Case No. 07-1376 (7th Cir.).

Judge Baker's dismissal of the entire action for failing to state a claim constitutes one strike for purposes of § 1915(g). The dismissal of the appeal does not count as a strike because the appeal was dismissed for failure to pay the filing fees rather than for being frivolous. *See generally Turley*, 625 F.3d at 1011.

The Court concludes that the dismissals in *French* and *Pierce* do not constitute strikes. The dismissal of the entire action in *Alton* does count as a strike, but only one strike. Accordingly, Defendants' motion to revoke Plaintiff's *in forma pauperis* status in this case (Doc. 108) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 03/18/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge