IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CEDRIC DUPREE,  )
 )
    Plaintiff,  )
 )
v.  )  Case No. 08-cv-00618-DGW
 )
JOSHUA FRITZ, et al.,  )
 )
    Defendants.  )

## ORDER FOLLOWING BENCH TRIAL

Having considered the evidence introduced and the legal arguments made at the one-day bench trial held on August 22, 2011, the Court makes the following findings of facts and conclusion of law.

## FINDINGS OF FACT

Plaintiff, Cedric Dupree, is currently incarcerated within the Illinois Department of Corrections at Pontiac Correctional Center. Plaintiff brings the instant matter pursuant to 42 U.S.C. § 1983 alleging that Defendants Joshua Fritz, John Mohr, Brian Thomas, David Holder, George Holton and Michael Schnicker violated his First and Eighth Amendment rights during his incarceration at Menard Correctional Center ("Menard").

### Plaintiff's Second Amended Complaint (Doc. 145)

In Count I of his Second Amended Complaint, Plaintiff alleges that on October 3, and 4, 2006, Defendant Brian Thomas maliciously and sadistically for purposes of causing harm twisted and pulled down on Plaintiff's handcuffs. Plaintiff alleges these acts were taken to retaliate against him for successfully bringing a lawsuit against staff at Pontiac Correctional Center.

Plaintiff also alleges on May 6, 2008, Defendants David Holder, George Holton, and Michael Schnicker maliciously and sadistically for purposes of causing harm handcuffed the Plaintiff, beat him, and tore his toenails out of his feet. Plaintiff alleges these acts were taken to retaliate against him for successfully bringing a lawsuit against staff at Pontiac Correctional Center. Finally, Plaintiff alleges in Count I that Defendants Holder, Holton, and Schicker denied the Plaintiff access to medical care for a serious medical need on May 6, 2008, to retaliate against him for successfully bringing a lawsuit against staff at Pontiac Correctional Center.

Plaintiff alleges in Count II that on September 19, 2006, Defendant Joshua Fritz maliciously and sadistically for purposes of causing harm slapped Plaintiff in the face and stomped on his toes in violation of the Eighth Amendment.

Plaintiff alleges in Count III that on September 19, 2006, Defendant John Mohr was deliberately indifferent to Plaintiff's panic attack and wrist cutting by denying the Plaintiff access to health care in violation of the Eighth Amendment.

Plaintiff alleges in Count V that on May 6, 2008, Defendants Holder, Holton, and Schnicker maliciously and sadistically for purposes of causing harm handcuffed the Plaintiff, beat him, and tore his toenails out of his feet in violation of the Eighth Amendment.

Plaintiff alleges in Count VI that on May 6, 2008, Defendants Holder, Holton, and Schnicker were deliberately indifferent to Plaintiff by leaving him lying in his cell bleeding and unconscious after the alleged attack without providing him access to health care in violation of the Eighth Amendment.

Defendants Holder, Holton, Schnicker, Thomas and Fritz deny that any act or omission on their part violated the Plaintiff's constitutional rights. Defendants deny each allegation made by the Plaintiff. Specifically, Defendants deny taking any action out of retaliation against the

Plaintiff. Defendants deny taking any action maliciously and sadistically for purposes of harming the Plaintiff. Defendants deny Plaintiff suffered from a serious medical need for which immediate medical treatment was denied. Defendants deny preventing the Plaintiff from accessing medical treatment at Menard Correctional Center.

## Bench Trial

During the bench trial on August 22, 2011, the following evidence placed Plaintiff's credibility into question:

1) Plaintiff testified that he has a prior conviction for a crime of deceit: false impersonation of the police;

2) In his March 12, 2010 deposition, Plaintiff testified that he had never made allegations that prison medical staff had advised him of a better way to commit suicide. However, at trial, Plaintiff admitted that he has made these allegations against various correctional staff in past grievances and lawsuits;

3) Plaintiff also testified in his deposition that he used a "piece of metal hidden in his hair" to cut his wrists on the second occasion. However, during trial, Plaintiff asserted that he used material from his bed to cut his wrists;

4) Plaintiff testified that on September 19, 2006 at 10:00 a.m., Defendant Fritz slapped in him in the face, stomped on his toes and called him racially derogatory names while he was standing in line on Front Street at the Menard. Plaintiff testified that this incident occurred in the presence of a superior correctional officer. However, Defendant Fritz testified that he was not working on September 19, 2006 at 10:00 a.m. because he worked the 3:00 p.m. to 11:00 p.m. shift. He testified that even if he had worked overtime that morning, he could not have been working the North 2 Cellhouse because one must be assigned to work in segregation and he was not. Additionally, Fritz testified that Front Street is under watch by four towers and numerous cameras;

5) Additionally, Plaintiff testified at trial that on May 7, 2008, that after being beaten by guards at Menard prior to being to court for trial, he was in such pain that the judge ordered him taken to the hospital. However, the evidence at trial demonstrated that Plaintiff had used his feet to kick his cell doors twice that day. Earlier in the day, Plaintiff kicked the plexiglass door of his cell for 15 minutes after he refused to go on his court writ. Further, once he arrived at the courthouse in East St. Louis Plaintiff created such a disturbance in the holding cell, by kicking the bars with his feet and screaming, that the judge looked at his feet and ordered him taken to the hospital for treatment over the lunch recess. The trial was never delayed and his feet were treated and wrapped by staff at Kenneth Hall Hospital in East St. Louis, Illinois;

6) Plaintiff's medical records indicate that he never asked for medical treatment once he was returned to Menard. Additionally, those medical records indicate that he saw medical staff on May 7, 2008 and did not mention any problems with his feet; and

7) Plaintiff's Medical Records dated July 2006 to May 2008, which were admitted into evidence without any objection from Plaintiff, contained numerous statements made by Plaintiff as to his desire to spend the remainder of his incarceration within the infirmary. The medical records are also rife with references to statements made to prison medical staff that Plaintiff had numerous lawsuits pending against correctional officers.

## STANDARD OF REVIEW

The burden of proof in civil cases is the same regardless of whether the finder of fact is a jury or a judge in a bench trial. *Fire Ins. Exchange v. McCoy*, 637 F.Supp.2d 991, 992 (M.D. Ala. 2009). That is, a plaintiff bears the burden of satisfying the finder of fact that he has proven every element of his claims by a preponderance of the evidence. *Id*. A preponderance of the evidence means that such evidence, after having considered all the evidence in the case, "is more probably true than not true." *See* Seventh Circuit Federal Jury Instructions (Civil), Instruction No. 1.27 (2010). In bench trials, the judge serves as the sole fact-finder and, thus, assumes the role of the jury. In this capacity, the judge's function includes weighing the evidence, evaluating the credibility of witnesses, and deciding questions of fact and issues of law. *See generally Childrey v. Bennett*, 997 F.2d 830, 834 (11th Cir. 1993). Credible testimony is that which meets the test of plausibility. *Indiana Metal Products v. N.L.R.B.*, 442 F.2d 46, 53 (7th Cir. 1971) (citing *Lester v. State*, 370 S.W.2d 405, 408 (Tenn. 1963))

## CONCLUSIONS OF LAW

This case is principally rests on the credibility of witness testimony. Plaintiff alleges that defendants violated his First and Eighth Amendment rights during his incarceration at Menard by

retaliating against him, assaulting him and denying him medical care. Defendants deny those allegations and maintain that any injuries Plaintiff suffered were self-inflicted.

Based upon the testimony and evidence presented at trial, the Court finds Plaintiff's testimony not credible. It implausible that Plaintiff was assaulted on Front Street in Menard in full view of numerous prison staff and inmates, and no prison staff or inmate reported this incident. Front Street is the main egress of Menard, the state's largest prison and houses over 3,700 inmates.

It is also inconceivable that Plaintiff was assaulted and left bleeding without medical care on May 7, 2006, a date that he had to leave the prison on a court writ. It is more likely that any injuries suffered by Plaintiff were self-inflicted. The evidence revealed that on May 7, 2008, Plaintiff kicked the plexiglass or metal doors of his cell with his bare feet on at least two occasions. Moreover, Plaintiff's medical records indicate that he never asked for medical care once he returned to the Menard.

Further, the Court finds retired Correctional Medical Technician John Mohr's testimony credible. Mohr testified that he did not instruct Plaintiff on a more efficient way to commit suicide. Plaintiff testified that Mohr told him to cut deeper next time and showed him where he had attempted suicide. Mohr testified that he had visible scars from a motorcycle accident and had never attempted to commit suicide. The Court does not find it plausible that correctional staff would discuss failed suicide attempts with inmates.

Most importantly, Plaintiff told untruths throughout the pendency of these proceedings. He changed his version of events at least twice from his March 12, 2010 deposition to trial. He embellished the incident of May 7, 2008 to intimate to the Court that he was in a grave condition

when taken to the hospital, when in fact he was taken over the lunch recess. Plaintiff is not believable and the Court has no confidence in any of his testimony.

While it is evident that Plaintiff had interactions with Defendants on the dates in question, Plaintiff has not met his burden of proof as to the allegations set forth in Counts I, II, III and V and VI. Therefore, the Court adopts Defendants' assertions and finds that Plaintiff has failed to establish violations of Retaliation, Excessive Force and Deliberate Indifference to Serious Medical Needs. Because the case may be disposed of on the merits of these claims, the Court finds it unnecessary to make additional finds on the qualified immunity and punitive damages claims. Judgment will be entered in favor of Defendants and against Plaintiff on all claims. Plaintiff shall take nothing from this action.

Per the Court's Order on April 14, 2009, Gordon E. Freese was appointed to represent Plaintiff in this matter only for pretrial and trial proceedings (Doc. 24). Since the trial has concluded, Mr. Freese is hereby released from his appointment.

**IT IS SO ORDERED.**

**DATED: August 23, 2011**

_____
**DONALD G. WILKERSON**
**United States Magistrate Judge**